GEDEON HELLER *v.* UNITED STATES

**No. 7410.**—Invoice dated London, England, October 1943.
Certified November 1943.
Entered at New York, N. Y., December 11, 1943.
Entry No. 717491.

(Decided October 17, 1947)

*Brooks & Brooks* for the plaintiff.
*Paul R. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved and that such values are as follows:

*Poplin shirting*

Quality B503_____ 4s/2d per yd. net, plus packing
Quality M2032_____ 3s/10d  "    "    "    "    "

Judgment will be rendered accordingly.

T. J. McKENNA *v.* UNITED STATES

**No. 7411.**—Invoice dated Bridport, England, December 12, 1945.
Certified December 13, 1945.
Entered at New York, N. Y., February 6, 1946.
Entry No. 737722.

(Decided October 17, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): This appeal for reappraisement of various items of merchandise concerns the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334.

The cited case has been incorporated herein by consent of the parties who further agree on a set of facts, embodied in a written stipulation submitting the present case, showing export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), to be the proper basis for appraisement of the instant merchandise, and that such statutory value is the appraised value of the articles in question, less additions made by the importer on entry because of advances in similar cases.